UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MITCHELL,

    Plaintiff,

v.

WASHTENAW COUNTY, et al.,

    Defendants.

Case No. 22-10224
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT [13] AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [14]**

Gary Mitchell brought this suit because he believes that his parental rights have been wrongfully suspended as a result of a conspiracy between Amanda Woods (his ex-wife), Marie and Michael Woods (Amanda's parents), Emily Miller (Amanda's attorney), and Judge Darlene O'Brien (who ruled on Mitchell and Amanda's underlying parental rights' dispute). Mitchell also sued Miller's employer (the Crime Victims Assistance Project), Washtenaw County, and the Washtenaw Family Courts. Mitchell asserted claims under 42 U.S.C. § 1983 for violations of his First Amendment right to redress the court and Fourteenth Amendment rights to due process and equal protection.

Because the Court granted Mitchell's application to proceed in forma pauperis, it also had the responsibility of screening his complaint to determine whether he stated a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The Court found that Mitchell failed to state a claim, reasoning that Mitchell could not properly seek the relief he wanted

from the defendants he named. *Mitchell v. Washtenaw Cnty.*, No. 22-10224, 2022 WL 2716508 (E.D. Mich. July 13, 2022) (available at ECF No. 11).

Mitchell then moved to amend or alter the Court's judgment (ECF No. 13) and to amend his complaint (ECF No. 14). The Court will deny both motions.

## I. Rule 59 Motion

Federal Rule of Civil Procedure 59(e) provides that a party may move "to alter or amend a judgment" within 28 days of entry of judgment. Relief under this provision is discretionary. *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* Importantly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Mitchell's motion does not meet these standards. For starters, it is unclear what basis the motion relies on. It does not appear to invoke any newly discovered evidence or an intervening change in controlling law, so the Court assumes Mitchell believes either that the Court made a clear error of law or that the judgment should be amended to prevent manifest injustice. But Mitchell's arguments do nothing but attempt to relitigate the matters that he raised in his initial complaint or that the Court addressed in its decision to dismiss the complaint. So on its face, the motion does not meet the required standard. *See Brumley*, 909 F.3d at 841.

Nevertheless, the Court will briefly address a few points Mitchell raises in his motion.

First, the Court did not commit clear error when it found that Amanda Woods, Marie Woods, and Michael Woods are not state actors. Mitchell argues that because these defendants acted "with the blessings and court orders of the state," and because their actions were authorized by court orders, they should be considered state actors. (ECF No. 13, PageID.88.) That position is contrary to law. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge."); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 n.21 (1982) (clarifying that a "a private party's mere invocation of state legal procedures" does not, by itself, transform it into a state actor). In other words, the Woods' compliance with a court order that authorizes their conduct does not make them state actors. So the Court will not amend its judgment on this ground.

Mitchell also states that local governments may be sued under 42 U.S.C. § 1983 and are not protected from suit by the Eleventh Amendment. (ECF No. 13, PageID.89.) While true, that was not the basis for the Court's dismissal. Rather, it explained that local governments may only be sued under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury" at hand. *Mitchell v. Washtenaw Cnty.*, No. 22-10224, 2022 WL 2716508, at *4 (E.D. Mich. July 13, 2022) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).

3

Mitchell had not pled that a county policy caused him harm, so his claim against Washtenaw County was also properly dismissed.

Finally, Mitchell accuses the Court of not addressing "the most egregious constitutional violations" that he alleged in his complaint. (ECF No. 13, PageID.89.) While it is true that the Court did not consider the merits of Mitchell's Due Process or Equal Protection claims, it did not have to. The Court instead found that such claims could not properly be brought against the defendants Mitchell named in his complaint. As discussed, the Woods (and Miller) are not state actors, and Mitchell did not plausibly plead a *Monell* claim against Washtenaw County. The dismissal of the Crime Victims Assistance Project went hand-in-hand with Miller's dismissal as Mitchell made no factual allegations against the entity other than that it employed Miller. *Mitchell*, 2022 WL 2716508, at *3. And Judge Darlene O'Brien could not be sued for due process violations because of absolute judicial immunity and the *Rooker-Feldman* doctrine. *Id.* at *3–4; *see also Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) ("[I]f this Court construes *Rooker-Feldman* to allow attacks on a state court's procedural error, then federal courts could extensively review state court trial proceedings, a task belonging to state appellate courts."). At bottom, what Mitchell requests—a change in his child custody arrangement—is not something this Court can award. (*See* ECF No. 13, PageID.95.)

So the Court will not amend its judgment dismissing Mitchell's claims.

## II. Motion to Amend the Complaint

The Court will also deny Mitchell's motion to amend his complaint as the amendment is futile. *See Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 329 (6th Cir. 2020) (providing that a motion to amend is futile "where a proposed amendment would not survive a motion to dismiss").

With the exception of Judge O'Brien and Emily Miller, Mitchell names the same defendants in his amended complaint as he did in his original complaint. (ECF No. 14-1, PageID.110–111.) And this time, he asks only for monetary relief, as opposed to an injunctive remedy. (*Id.* at PageID.128.)

But his amended complaint fails to cure any of the deficiencies the Court has already pointed out.

For one, the Woods are still not state actors.

And the mere allegation that the "motions filed by Defendant Miller and CVLAP represent the practices and policy of CVLAP since the behavior continued over five years" (ECF No. 14-1, PageID.127), does not state a § 1983 claim. Filing motions as an attorney in a child-custody case is not a constitutional violation. *See Mitchell*, 2022 WL 2716508, at *2 ("These allegations do not amount to a constitutional claim. Instead, they detail Miller's zealous advocacy on behalf of her clients. Even if that advocacy somehow prejudices Mitchell, it does not amount to a claim against Miller.").

Finally, the conclusory allegation that "all injuries suffered by plaintiff over the last five years have been a direct result of the policy of Washtenaw County not

5

allowing Plaintiff input to any . . . proceeding as his father and as the attorney of record" does not state a *Monell* claim. (*See* ECF No. 14-1, PageID.127.) Mitchell is clearly referring to court orders governing his parental rights, which cannot plausibly be deemed a Washtenaw County policy.

And as already stated, the Court does not have jurisdiction over any state-law claims that Mitchell asserts in his amended complaint. It cannot exercise supplemental jurisdiction where Mitchell has not plausibly pled any federal claims, and it cannot exercise diversity jurisdiction where the parties are residents of the same state. *See Mitchell*, 2022 WL 2716508, at*5.

So for the reasons already provided, *see Mitchell v. Washtenaw Cnty.*, No. 22-10224, 2022 WL 2716508 (E.D. Mich. July 13, 2022), and those stated here, the Court denies Mitchell's motion to amend his complaint.

### III.

In sum, Mitchell's motions to amend the judgment (ECF No. 13) and to amend the complaint (ECF No. 14) are DENIED.

SO ORDERED.

Dated: February 15, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE